IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SETH PATRICK DURNAM,<br><br>Defendant. | CR 11-08-BU-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 135.)

On September 22, 2026, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 11 months imprisonment, followed by 180 months of supervised release.

## I. <u>Background</u>

In April 2013, Defendant pled guilty to the offense of possession of child pornography. (Doc. 32.) On July 31, 2013, the Court sentenced him to 52 months imprisonment, to be followed by 120 months supervised release. (Doc. 51.) Defendant began serving his original term of supervised release on March 14, 2016.

On July 10, 2019, Defendant's supervised release was revoked for possessing an unapproved smart phone capable of accessing the internet, viewing pornography, possessing drug paraphernalia, and failing to report for a drug test. He was sentenced to 11 months imprisonment followed by 180 months supervised release. (Doc. 69.) Defendant began his second period of supervised release on June 6, 2020.

On May 23, 2022, Defendant's supervised release was revoked for failing to report for a drug test, using methamphetamine, possessing drug paraphernalia, possessing an unauthorized electronic device capable of accessing the internet and having covert photography capability, and using the device to communicate with a minor. He was sentenced to 16 months imprisonment followed by 180 months supervised release. (Doc. 95.) Defendant began his third period of supervised release on June 8, 2023.

On October 5, 2023, Defendant's supervised release was again revoked for using methamphetamine, failing to comply with substance abuse testing conditions, possessing a controlled substance, possessing an unapproved device, and possessing unapproved sexually explicit materials. He was sentenced to 24 months imprisonment followed by 180 months supervised release. (Doc. 112.) Defendant began his fourth period of supervised release on July 17, 2025.

/ / /

On October 24, 2025, Defendant's supervised release was again revoked for failure to complete an outpatient sex offender treatment program, use of a controlled substance, failure to participate in substance abuse testing, and failure to participate in substance abuse treatment. He was sentenced to 11 months imprisonment followed by 180 months supervised release. (Doc. 130.) Defendant began his fifth period of supervised release on August 11, 2026.

On August 31, 2026, the United States Probation Office filed a petition to revoke Defendant's supervised release. (Doc. 133.) On September 3, 2026, the United States Probation Office filed an amended petition. (Doc. 140.) The amended petition alleges that Defendant violated six conditions of supervised release, and provides a brief explanation of each violation. (*Id.*) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 134.) Defendant was arrested and made an initial appearance on September 2, 2026. (Doc. 136.)

## II. Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Steven Babcock. Thomas Godfrey represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence. After

consenting to proceed, Defendant admitted all the violations as alleged in the petition. The undersigned accepted the admissions and proceeded to sentencing.

The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration. Defendant could also be sentenced to as much as a lifetime of supervised release. Counsel for the parties agreed with those calculations.

The United States requested a sentence of 24 months incarceration and placement on supervised release. Defendant's counsel requested a sentence of 3 months incarceration.

## III. <u>Analysis</u>

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to 11 months imprisonment followed by 180 months supervised release. No circumstances warrant a departure from the guideline range.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to these factors, Defendant has done very poorly on supervision and has had his supervised release revoked on four previous occasions. The first three violations were very serious, since they involved conduct which was similar to Defendant's underlying offense.

On his first term of supervised release, Defendant's supervision was revoked for failing to report for drug testing and possession of an unapproved device. He also admitted using the unapproved device to regularly view pornography. On his second term of supervised release, Defendant was again revoked for viewing pornography, entering into sexual relationships, and communicating with a minor and having the minor send him photographs. On his third revocation, Defendant tested positive for methamphetamine and again was in possession of sexually explicit material.

Defendant's current violations, like his fourth and most recent revocation, do not involve new criminal conduct, other than the use of methamphetamine. Significantly, the current violations do not involve possession of sexually explicit materials or contact with minors. The violations are limited to failure to report for drug testing on one occasion, failing to report to the probation office as instructed on one occasion, two positive tests for methamphetamine, and termination of his sex offender treatment program as a result of methamphetamine use.

/ / /

The undersigned has also considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Revocation of Defendant's supervised release and a sentence of incarceration is again necessary to afford deterrence to violations, and to again make it clear to Defendant that he is required to comply with the conditions of his supervised release.

The undersigned has also considered the need for future educational and correctional treatment. A term of supervised release to follow a custodial sentence is necessary to provide sex offender treatment, additional substance abuse treatment, as well as other educational and correctional treatment that will hopefully get Defendant on track and keep him on track.

A term in a residential reentry center is also appropriate to hopefully aid in Defendant's transition back into the community, and end the revolving door of Defendant being released from custody, almost immediately violating conditions of his release, and then being revoked and sent back to prison. A term in a residential reentry center will provide Defendant with structure and accountability when released from custody, and will also provide the opportunity for placement in appropriate treatment programs prior to his release to the community.

In sum, given the nature of the violations, a sentence within the revocation guideline range is appropriate. But considering Defendant's poor overall performance on supervision, as well as the fact that he incurred the current

violations within a few weeks of his release from custody, a sentence at the high end of the guideline range is warranted. A public law placement is also appropriate to foster his reentry into the community.

Considering all these factors, the Court concludes a sentence of 11 months custody, to be followed by a term of supervised release of 180 months, is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded of the right to object to these Findings and Recommendations within 14 days of their issuance. Defendant was also reminded of the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the condition of supervised release that he participate in substance abuse testing, as alleged in Violation No. 1.

2. Defendant violated the condition of supervised release that he report to the probation officer as instructed, as alleged in Violation No. 2.

/ / /

3. Defendant violated the condition of supervised release that he refrain from any unlawful use of a controlled substance, as alleged in Violation Nos. 3, 4, and 6.

4. Defendant violated the condition of supervised release that he successfully complete an outpatient sex offender treatment program, as alleged in Violation No. 5.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to 11 months imprisonment, followed by a term of 180 months supervised release.

2. In addition to the mandatory and standard conditions of supervised release, the following special conditions should be imposed:

1 Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

2 You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow

the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.

You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor.

You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

3 You must submit your person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access, to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4 You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

5 You must not access the Internet except for reasons approved in advance by the probation officer.

6 All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

7 You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment

as directed by the probation officer.

8 You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

9 You must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale. You must not knowingly enter any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances and must not knowingly enter or stay in any dwelling or house where there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances, without the prior written approval of the supervising probation officer. You must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy.

10 You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

11 You shall reside in a Residential Reentry Center (RRC) under contract to the United States Bureau of Prisons, in a pre-release component, for a period of 180 days. You must abide by all rules and regulations of the center and successfully complete any programming as deemed appropriate by the United States Probation Office.

12 You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are designed to arouse sexual desire, unless otherwise approved by the supervising probation officer in conjunction with defendant's sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the supervising probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted

to the discussion or exchange of sexually explicit materials as defined above.

13 You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

14 You must participate in substance abuse testing to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

15 You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program. The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

16 You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

17 You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo*

determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 22nd day of September, 2026.

___________________________________
TIMOTHY J. CAVAN
United States Magistrate Judge